UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY RYAN GOVE,

        Plaintiff,

v.                                                                     Case No. 18-cv-1335-pp

SARGENTO FOODS, INC.,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 27)**

On November 25, 2020, the court dismissed the plaintiff's case for failure to state a claim and denied as moot the defendant's motion to transfer. Dkt. No. 23. The plaintiff, who has been representing himself in the case, filed a notice of appeal on December 22, 2020, twenty-seven days after the court's decision. Dkt. No. 25. That same day, the plaintiff filed a "Motion to Petition the Court to Alter or Amended its Judgment to Allow New Evidence to Be Admitted." Dkt. No. 27. The court will deny that motion.

**I.**     **Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (citations omitted); INTL FCStone Fin., Inc. v. Jacobson, 950 F.3d 491, 502 (7th Cir.

1

2020) ("the filing of a notice of appeal generally confers jurisdiction with the court of appeals and divests the district court of jurisdiction over certain related matters").

Federal Rule of Appellate Procedure 4(a)(4)(iv) says that if a party timely files a motion to alter or amend a judgment under Fed. R. Civ. P. 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." The plaintiff titled his motion a motion to alter or amend the judgment and he cited Fed. R. Civ. P. 59(e). So, if the plaintiff's motion was timely filed, this court has jurisdiction to decide it. Rule 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the date the court enters judgment. The court entered judgment on November 25, 2020, and it received the plaintiff's motion on December 22, 2020—twenty-seven days later. The plaintiff's Rule 59(e) motion was timely so the court has jurisdiction to decide it.

## II. Analysis

To prevail on a Rule 59(e) motion, a party must establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). The plaintiff has not argued that the court committed manifest error. He asks the court to allow "new discovered evidence to be admitted." Dkt. No. 27 at 1.

2

Case 2:18-cv-01335-PP   Filed 01/20/21   Page 2 of 6   Document 31

To convince a court to alter or amend a judgment based on newly discovered evidence, the moving party must show that "(1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." Cincinnati Life, 722 F.3d at 955 (quoting Envtl. Barrier Co., LLC v. Slurry Sys., Inc., 540 F.3d 598, 608 (7th Cir. 2008)).

The plaintiff says he has information that will "prove Sargento hired contract workers to date [him] for information gathering, and other's [sic] to entice and seduce [him]; during the 2017 calendar year." Dkt. No. 27 at 1. While the plaintiff provides names of these alleged contract workers and says that they tried to date or seduce him between June and December 2017, he does not explain when he learned their identities or what he believes their activities were. He states that "[u]p to now, [he] was aware of what some of these workers were doing, but had no solid proof to link them to [the defendant]." Id. He says that "[i]n the fall" while he was exercising at a gym, one of these workers "came on" to him, and that "[l]ater on," he realized that this event had something to do with the defendant. Id. at 2. The plaintiff further states that "[a]fter three years of searching," he finally located the worker's true identity and discovered that she had ties to a family called "Driessen." Id. He says that he can provide testimony to prove that these events are linked to the defendant. Id.

3

The plaintiff has not demonstrated that he discovered any of this evidence "post-trial." As the court noted, it entered judgment dismissing the case on November 25, 2020; for the evidence the plaintiff references to be "newly discovered," he would have had to learn about it after November 25, 2020. The plaintiff does not say when he learned of this evidence—he makes vague references about "up to now" and "in the fall," but does not assert that he learned of these contract workers after November 25, 2020. He has not satisfied the first element of a Rule 59(e) motion based on newly discovered evidence.

Nor has the plaintiff demonstrated that he exercised due diligence to discover the evidence. The plaintiff filed this lawsuit in August 2018—over two years before the court dismissed it. He amended the complaint twice. While the Rule 59 motion asserts that "[t]he Covid-19 crisis with all the lock downs of businesses and other venues, greatly restricted [the plaintiff's] investigative outlets in obtaining critical information," that crisis impacted only the last eight months of twenty-seven months of litigation, and the plaintiff does not explain why he could not find this information in the prior nineteen months, or what locked-down businesses or venues he needed to access between March and November 2020.

The plaintiff has not demonstrated that the evidence—the fact that someone named Deborah Seidl and someone named "Driessen" attended the same church that "he preached at"— caused him to suspect "they" had known each other; the fact that someone named Taylor Chevalier, whose true identity

4

he discovered, had "ties to the Driessen family;" and that all of this could not be coincidence—is not cumulative or impeaching, and the court cannot fathom how this is material.

Finally, the plaintiff claims that

> [t]his factual evidence will show Sargento was not only aware of my religious beliefs, but also my religious view and conviction of not having sexual intimacy outside of marriage. But more importantly; they acted in malicious ways to obtain evidence to use against me for a possible litigation case. It clearly shows that they planned a scheme to entrap me, and set it in motion.

Dkt. No. 27 at 1. He provides four date ranges along with corresponding names of "contract workers," all apparently female, and says that each acted with the purpose of either "information gathering" or "to entice/seduce" him. Id. He follows this list with details of how he met the women. Id. at 2. The plaintiff asserts that this "shows motive in four area's [sic]:"

1. Act of concealing the sexual, religious and gender discriminations.
2. Act of hiding the physical assault, threats and harassment from co-workers.
3. Act of management harassing and applying pressure techniques to induce emotional trauma.
4. Act of conspiracy to assist co-workers in the removal of myself from employment, creating a hostile environment.

> Most importantly, it shows the extent Sargento Foods Inc. will go to cover up these allegations to protect themselves.

Id.

It is unclear how the plaintiff's accusations regarding "contract workers" lead to these four conclusions, and the information, to the extent the court can understand it, does not alter the court's conclusion that the plaintiff has failed to state a claim for which a federal court can grant relief. The court considered

5

four possible causes of action in its order of dismissal: (1) discrimination; (2) hostile work environment; (3) retaliation; and (4) conspiracy. Dkt. No. 23 at 14-20. This "new" evidence does not state a claim for discrimination based on gender, age or religion. The plaintiff's assumptions as to the motives or purposes of these four women does not relate to discrimination based on religion. The plaintiff's insistence that the women and the defendant targeted him because he does not believe in extra-marital sex—a claim which appears to be pure speculation—does not support a claim of discrimination or a hostile work environment. It does not support a claim of retaliation—the plaintiff still not alleged that he performed any protected acts during his employment. See id. at 19. Neither does it provide the court with subject matter jurisdiction over the plaintiff's civil conspiracy claim.

The plaintiff has not satisfied any of the five elements necessary to prevail on a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

### III. Conclusion

The court **DENIES** the plaintiff's Motion to Petition the Court to Alter or Amended its Judgment to Allow New Evidence to Be Admitted. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 20th day of January, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**