TIMOTHY RYAN GOVE,

        Plaintiff,

v.                                               Case No. 18-cv-1335-pp

SARGENTO FOODS, INC.,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER (DKT. NO. 58)**

        The defendant has filed a motion for entry of a protective order. Dkt. No. 58. The plaintiff did not file a brief in opposition to the defendant's motion, but he has included in his Rule 26(f) report and his amended Rule 26(f) report statements regarding his objections the defendant's motion. Dkt. Nos. 56, 61.

**I.    Parties Arguments**

        The defendant explains that it met with the plaintiff by phone on March 29, 2022, to discuss a joint Rule 26(f) report and the proposed protective order. Dkt. No. 58 at 2. During the conversation, the plaintiff stated that he would be filing his own report and objecting to the request for a protective order. Id. at 2-3.

        The defendant asserts that good cause supports the court's entry of a protective order. Id. at 3. It argues that there likely will be information on third-party individuals disclosed in the case, especially given the 144 individuals and

1

entities the plaintiff says he intends to subpoena or depose. Id. The defendant asserts that some of these individuals are current or former employees who have an interest in privacy regarding the documents and information the defendant may be required to turn over during discovery. Id. at 3-4. It contends that this information would be designated as confidential under a protective order. Id. at 4. The defendant concludes by arguing that its proposed order is reasonable and follows the template provided by the Eastern District of Wisconsin. Id.

The plaintiff opposes entry of a protective order for several reasons. First, he says that a protective order is not necessary because "there are no trade secrets and inclusions against [the defendant] or other third parties." Dkt. No. 61 at 5. Second, the plaintiff is under the impression that the protective order would require certain documents to be filed in sealed envelopes "which would be opened as the court discretion," and he believes this would limit his litigation strategy. Id. Third, the plaintiff asserts that the First Amendment gives the public the right to assess court records and believes this interest prevents "powerful litigants" from using "secrecy as a tool of wrong doing." Id. Fourth, the plaintiff says that the defendant required him to participate in a "forensic exam" that would have allowed the defendant to "relinquish or release information to anyone they felt fit to." Id. Fifth, the plaintiff declares that he intends to act in good faith regarding any documents provided to him. Id. at 6. Finally, he argues that "[r]equiring documents in a deposition to be sealed and only opened with a court order; limits the plaintiff's ability to execute fair

2

litigation, shields the public's right to know, and is a violation of the first amendment." Id.

**II. Analysis**

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See also Civil Local Rule 26(e) (E.D. Wis.). The defendant asks the court to enter a protective order to protect third parties—the defendant's current and former employees who are not parties to this litigation—from having what could be private information disclosed to the public. The defendant has shown good cause for the court to issue a protective order, given the plaintiff's stated intention to subpoena and/or depose 144 third parties.[1]

The plaintiff's objections demonstrate a misunderstanding of what a protective order is and how it works.

> The *Federal Rules of Civil Procedure* broadly permit parties in litigation to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Given the "extensive intrusion into the affairs of both litigants and third parties" that is both permissible and common in modern discovery, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 .

---

[1] The parties should not construe the court's reference to the plaintiff's expressed intention to indicate that the court will allow the plaintiff to subpoena or depose 144 individuals. The court will address any motions relating to the scope of discovery if/when a party files such a motion. The court reminds the parties that under Fed. R. Civ. P. 37 and this court's civil Local Rule 37, the parties must attempt to resolve any discovery disputes between themselves before filing motions to compel or other discovery motions and such motions must be accompanied by a certification that the moving party met and conferred with the non-moving party in an attempt to resolve the dispute before filing the motion.

3

> . . (1984), the rules provide for the use of protective orders, entered "for good cause," to protect litigants and third parties from the "annoyance, embarrassment, oppression, or undue burden or expense" that may attend the discovery process, FED. R. CIV. P. 26(c)(1). Protective orders are often entered by stipulation when discovery commences.

Bond v. Utreras, 585 F.3d 1061, 1067 (7th Cir. 2009).

Protective orders allow parties to exchange discovery with *each other* for litigation purposes, without needing to worry that the other side will disclose the discovery materials to outsiders. They are are not solely for the purpose of protecting trade secrets; they are very common in federal civil litigation. They allow either party to designate documents or information as "confidential," or "attorneys' eyes only." Documents designated "confidential" or "attorneys' eyes only" can't be shared with others except under the terms of the protective order. Protective orders do not require documents to be filed in sealed in envelopes and opened only upon court order. In fact, they do not require documents to be filed with the court at all; parties exchange discovery with each other. Many, if not most, of the documents parties exchange with each other in discovery never will be filed on the court's docket.

In fact, the Seventh Circuit Court of Appeals has long held that courts must not issue protective orders that require the court to seal documents. See, e.g., Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). Before a district court may seal (or, these days, restrict from public view) a document filed with the court, that court must determine that there is good cause for shielding the document from public view. Id. at 945, 946. "[T]he public at large pays for the courts and therefore has an

interest in what goes on at all stages of a judicial proceeding." Id. at 945 (citations omitted). Although that interest "does not always trump the property and privacy interests of the litigants," a court may override that interest and allow a document to be shielded from public view "only if there is good cause for sealing a part or the whole of the record in that case." Id. If, later in this litigation, either party wants to file a "confidential" document and have the court restrict it from public view, that party must follow this court's Civil Local Rules 26(e) and General Local Rule 79(d). But *exchanging* documents under a protecting order and *filing* documents as restricted are two different issues.

    As to the plaintiff's last two objections, a protective order does not limit the scope of discovery; it does not allow either party to withhold documents that are otherwise discoverable. A protective order only dictates who can have access to those documents once they have changed hands. The court appreciates the plaintiff's stated intention to act in good faith with the documents, but that doesn't address the issue of whether the plaintiff may share documents he obtains in discovery with outsiders to the litigation, or whether the *defendant* may share documents it receives from the plaintiff outside the litigation. The protective order addresses that issue.

    Finally, the plaintiff cited a document he filed with the court. That document is titled "Authorization to Use and Disclose Protected Health Information." Dkt. No. 7-1 at 3. It is on the letterhead of Midwest Consultants in Forensic Psychology, LLC, and purports to authorize a Dr. Daniel J. Burbach to communicate with the "examinee's" employer or employee

5

assistance program regarding the results of the examinee's Psychological Fitness for Vocational Duty Evaluation. Id. The plaintiff implies that the defendant asked him to sign this authorization, which authorized the doctor to use and re-disclose "health information that he receives from third party sources, including protected health information, . . . he believes is relevant to [the examinee's] psychological fitness for vocational duty." Id. The document also indicates that the examinee understands that the doctor has no control over whether or how the employer "or other authorized entity" might choose to re-disclose the doctor's findings, opinions, conclusions or recommendations from the evaluation. Id.

The court perceives the plaintiff to be arguing that it is hypocritical of the defendant to ask him to agree not to disclose discovery to others outside the litigation when it asked him to agree to the doctor who conducted this evaluation using and re-disclosing information he received from third parties and when it asked him to acknowledge that the doctor had no control over what the employer did with that information. The court has no opinion on that issue. The plaintiff chose to bring this lawsuit. Plaintiffs who choose to bring lawsuits in federal court must abide by the federal rules, which allow them to seek discovery and require them to turn over discovery to the person or entity whom they have sued. Protective orders are allowed under the rules when a party has shown cause. They assist both parties by allowing them to exchange the information the rules require be exchanged without having to worry about whether that information will get disclosed to a wider audience.

6

### III. Conclusion

The court **GRANTS** the defendant's motion for entry of a protective order. Dkt. No. 58.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**