**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**TIMOTHY RYAN GOVE,**

     Plaintiff,

                                  **Case No. 18-CV-1335**

**v.**

**SARGENTO FOODS INC.,**

     Defendant.

---

**DEFENDANT'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION**
**TO SEAL PARTS OF RECORD**

---

Despite this Court's clear order for Plaintiff to keep his case within the four corners of his Amended Complaint, Plaintiff routinely references illicit and unfounded allegations that infer criminal conduct by Defendant and bare no relevance to his cause of action. Additionally, Plaintiff repeatedly files similar motions either already addressed by or pending with this Court.

Defendant is a well-known food product manufacturer that risks severe reputational damage from Plaintiff's unfounded, irrelevant inferences of criminal activity that are completely unlike the typical consequences of legitimate allegations in litigation. Defendant respectfully requests the Court seal Plaintiff's filings that allege Defendant used minor-aged females to solicit him, allege Defendant improperly used child labor at its facility, or otherwise suggest that Defendant engaged in criminal conduct. These allegations are unfounded, irrelevant to his employment discrimination claims, and speculative. Defendant also requests this Court require Plaintiff to seek approval before filing his repetitious and speculative motions.

1

Any presumption that documents relied upon by the Court be publicly available is tempered where good cause exists or the public has limited interested in the sealed documents. *See e.g., Cty. Materials Corp. v. Allan Block* Corp., 502 F.3d 730, 740 (7th Cir.2007). This Court has sealed record documents when the document has no relevance to the issues in the pending case. *See Berry Floor USA, Inc. v. Faus Group In*c., 2008 WL 2035477 (E.D. Wis. May 9, 2008) (granting motion to seal unredacted licensing agreement that contained confidential commercial information, which, if made public, would harm the interests of the parties and where the redacted provisions are not relevant to the pending motion to dismiss). Several federal courts have sealed documents where one party has made salacious, illicit, or potentially libelous claims against another party and the allegations were not relevant to the case. *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (a court may grant a motion to seal when court records might become a vehicle for improper purposes, "such as to gratify private spite, promote public scandal, commit libel, or release trade secrets.").[1]

This case is analogous to *Allen v. Addi*, where the plaintiff filed a motion to stay in which nearly every page contained "criminal allegations, denigrating accusations, and disparaging comments" about the defendant that were "highly speculative" and immaterial to the civil case at issue. 2021 WL 5911175 at *4-5. The defendant moved to seal the filing. Due the scandalous and unsubstantiated nature of the plaintiff's allegations, the D.C. Circuit Court determined that the

---

[1] *See also Allen v. Addi*, 2021 WL 5911175, at *4 (D.D.C. Nov. 23, 2021) (granting defendant's motion to seal where plaintiff's Motion to Stay contained "defamatory and immaterial allegations" against defendant); *Abraham v. Leigh*, 2020 WL 5095655, at *1 n.1 (S.D.N.Y. Aug. 28, 2020) (holding that materials should be maintained under seal where they are "irrelevant, salacious, or personally sensitive"); *Russell v. Samec*, 2020 WL 3574270, at *1 (W.D. Wash. July 1, 2020) (finding that records that "might" become a vehicle to "circulate libelous statements" should be sealed).

"baseless conspiracy theories" had limited public interest and did not belong on the public docket. *Id*. at \*5-6. Thus, the Court granted the defendant's motion to seal. *Id*.

This Court should seal Plaintiff's motions for the same reasons. Though the burden to seal the record in the Seventh Circuit is high, it is clear that Plaintiff's unfounded allegations are of no public interest. Plaintiff infers Defendant used female minors to solicit or entice him and improper child labor occurs at the facility where he worked. (*See* Dkt. 76-77, 80, 86, 88, 91-92, 100-101, 103, and 105-108.) Plaintiff's allegations have gotten more specific and aggressive over time. These allegations, which seemingly accuse Defendant of engaging in criminal activity in connection with its business, constitute libel *per se* in Wisconsin. *See Martin v. Outboard Marine Corp.*, 15 Wis.2d 452, 458–461 (1962); *see also Leuch v. Berge*, 155 N.W. 148, 149 (Wis. 1915) ("Language which charges or imputes a crime is libelous *per se*.") None of Plaintiff's allegations are true and there is not a scintilla of support to them.

Moreover, none of these allegations relate to his claims of employment discrimination. Plaintiff's unfounded references to this purported conduct plainly contravenes the Court's directives to Plaintiff to cease such references. At the June 27, 2022 discovery hearing, the Court made clear that these allegations from Plaintiff go well beyond the claims at issue in this case. (Dkt. 75.) Yet, Plaintiff still files public documents riddled with speculative allegations and conspiracy theories based in criminal conduct.

Plaintiff also continues to refile similar motions on issues already addressed by this Court. For example, Plaintiff's most recent filing (Dkt. 108), in sum, requests to subpoena Kelly Buechel. The Court rejected Plaintiff's multiple requests to do so already. (*See* Dkt. 66, 78-79). To continue to address these motions is a waste of Defendant's and this Court's time and resources.

For these reasons, Defendant respectfully requests that the Court seal all motions in which Plaintiff alleges Defendant used female minors to unlawfully entice him, implies Defendant improperly used child labor at its facility, or otherwise suggests Defendant engaged in criminal conduct, including, but not limited to, Dkt. 76-77, 80, 86, 88, 91-92, 100-101, 103, 105-108. In the alternative, Defendant requests that such allegations are redacted from publically facing documents. Additionally, Defendant requests that this Court screen Plaintiff's filings before publishing them on the public docket to remove libelous statements and order all other relief the Court deems just and proper.

Dated: March 3, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Kayla A. McCann*
Jesse R. Dill, WI State Bar No. 1061704
Kayla A. McCann , WI State Bar No. 1106809
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6400
Jesse.Dill@ogletree.com
Kayla.McCann@ogletree.com

**ATTORNEYS FOR DEFENDANT, SARGENTO FOODS, INC.**

4

**<u>CERTIFICATE OF SERVICE</u>**


       I hereby certify that a copy of the foregoing document has been served by email and U.S. mail on the following:


             Timothy Ryan Gove
             4334 W Davis St
             Felch, MI 49831
             Email:  timgove@hotmail.com



                            s/ *Kayla A. McCann*
                            Kayla A. McCann