TIMOTHY RYAN GOVE,

        Plaintiff,

v.                                                 Case No. 18-cv-1335-pp

SARGENTO FOODS, INC.,

        Defendant.

## ORDER DENYING DEFENDANT'S RULE 7(H) EXPEDITED MOTION TO SEAL PARTS OF THE RECORD (DKT. NO. 109)

On March 3, 2023, the defendant filed a Civil L.R. 7(h) Expedited Non-Dispositive Motion to Seal Parts of the Record. Dkt. No. 109. The defendant asks the court to seal all motions in which the plaintiff alleges the defendant "used female minors to unlawfully entice him, implies Defendant improperly used child labor at its facility, or otherwise suggests Defendant engaged in criminal conduct." Id. at 4 (citing Dkt. Nos. 76, 77, 80, 86, 88, 91, 92, 100, 101, 103, 105–08).

### I.    Procedural Issue

The plaintiff filed a response to the motion, but it did not comply with the court's local rules (which are available at https://wied.uscourts.gov/local-rules-and-guidance-0). The defendant filed its motion under Civil Local Rule 7(h) (E.D. Wis.). Rule 7(h) requires that the responding party file any opposition "within 7 days of service of the motion, unless otherwise ordered by the Court."

1

Civil L.R. 7(h)(2). Because the defendant filed its motion on March 3, the rule required the plaintiff to file his response by March 10. The plaintiff filed his response on March 13. Rule 7(h)(2) also requires that "[t]he respondent's memorandum must not exceed 3 pages." Not counting the attached exhibit, the plaintiff's response is nine pages. Dkt. No. 110. As this court has stated in other cases involving self-represented parties, "[t]he court expects all parties who litigate in the Eastern District of Wisconsin to comply with the court's local rules." Pressley v. Ozaukee Cty., No. 20-cv-1404, 2022 WL 889386, at *4 (E.D. Wis. Mar. 25, 2022) (citing General L.R. 1, "Compliance with the rules is expected."). But "the rules are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases." General L.R. 1.

Although the plaintiff's response did not comply with the local rules, the court nonetheless will consider the plaintiff's opposition to the motion.

**II.     Parties' Arguments**

The defendant asks the court to seal all the plaintiff's filings that "allege Defendant used minor-aged females to solicit him, allege Defendant improperly used child labor at its facility, or otherwise suggest that Defendant engaged in criminal conduct." Dkt. No. 109 at 1. The defendant argues that it is a "well-known food product manufacturer that risks severe reputational damage from Plaintiff's unfounded, irrelevant inferences of criminal activity that are completely unlike the typical consequences of legitimate allegations in litigation." Id.

2

The defendant argues that any presumption that documents relied upon by the court should be publicly available "is tempered where good cause exists or the public has limited interest in the sealed documents." Dkt. No. 109 at 2 (citing County Materials Corp. v. Allan Block Corp., 502 F.3d 730, 740 (7th Cir. 2007)). The defendant points to cases in which courts have sealed documents that have no relevance to the issues in the pending case or "where one party has made salacious, illicit, or potentially libelous claims against another party and the allegations were not relevant to the case." Id. (citing Berry Floor USA, Inc. v. Faus Grp. Inc., No. 08-CV-44, 2008 WL 2035477 (E.D. Wis. May 9, 2008); *In re* Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 429 (9th Cir. 2011); Abraham v. Leigh, No. 17 Civ. 5429 (KPF), 2020 WL 5095655, at *1 n.1 (S.D.N.Y. Aug. 28, 2020); Russell v. Samec, No. 2:20-cv-00263-RSM-JRC, 2020 WL 3574270, at *1 (W.D. Wash. July 1, 2020)).

The defendant asserts that this case is analogous to Allen v. Addi, in which the district court for the District of Columbia determined that filings containing "criminal allegations, denigrating accusations, and disparaging comments" about the defendant were "highly" speculative and immaterial to the case, and therefore had limited public interest. Dkt. No. 109 at 2–3 (quoting Allen v. Addi, No. 20-cv-01650 (TSC), 2021 WL 5911175, at *4–6 (D.D.C. Nov. 23, 2021)). The defendant maintains that this court should seal the plaintiff's motions for those same reasons. Id. at 3. The defendant acknowledges that in the Seventh Circuit, the burden justifying sealing a document is high, but argues that "it is clear that Plaintiff's unfounded allegations are of no public

3

interest." Id. The defendant emphasizes that the plaintiff's allegations of improper child labor and criminal activity in connection with the defendant's business, including accusations that the defendant used female minors to solicit or entice the plaintiff, "constitute libel *per se* in Wisconsin." Id. (citing Martin v. Outboard Marine Corp., 15 Wis. 2d 452, 458–61 (Wis. 1962); Leuch v. Berge, 155 N.W. 148, 149 (Wis. 1915)). The defendant argues that these allegations have no support and are not related to the plaintiff's claims of employment discrimination. Id. And the defendant contends that despite the court's direction that the plaintiff stop making allegations unrelated to his complaint, dkt. no. 75, the plaintiff "still files public documents riddled with speculative allegations and conspiracy theories based in criminal conduct," dkt. no. 109 at 3.

The filings that the defendant requests the court seal include Docket Numbers 76, 77, 80, 86, 88, 91, 92, 100, 101, 103, 105–08. Dkt. No. 109 at 4. In the alternative, the defendant "requests that such allegations are redacted from publically [sic] facing documents." Id.

The defendant also asks the court to require the plaintiff to seek approval "before filing his repetitious and speculative motions." Id. at 1. The defendant wants the court to "screen" the plaintiff's "filings before publishing them on the public docket to remove libelous statements . . . ." Id. at 4. The defendant asserts this is necessary because the plaintiff "continues to refile similar motions on issues already addressed by" the court and "[t]o continue to

4

address these motions is a waste of Defendant's and this Court's time and resources." Id.

The plaintiff responds that he "has rights to plead his case to the court." Dkt. No. 110 at 4. The plaintiff states that "[t]he common-law right of access establishes that court files and documents should be open to the public unless the court finds that its records are being used for improper purposes." Id. (citing United States v. Corbitt, 879 F.2d 224, 228 (7th Cir. 1989)). The plaintiff asserts that "[c]ontrary to the defendants claims; allegations due [sic] not stem from gratification, private spite, to promote scandal, commit injury to one's reputation, or expose trade secrets." Id. According to the plaintiff, "[t]he documents presented to the court have no attorney client privileges, are not protected by work product doctrine, or do not include any trade secrets." Id. at 5. The plaintiff also contends that he "takes seriously the information he pleads to the court" and that "all statements are factual and true." Id. The plaintiff later states, "I don't make allegations or comments without cause." Id. at 8.

The plaintiff's response includes statements that seem to suggest that he believes that there already is some kind of shielding of documents filed in the case:

> The defendant appears to be more concerned about what the court staff sees than the actions of their client. This case already being in protective status; prohibits the public from viewing the contents of the documents, was secured on false premises. . . . By sealing these documents; is it an act that the defendant attorneys don't trust the integrity of the judicial staff? The protective order and any sealing of documents should be removed.

Dkt. No. 110 at 5.

It is not clear what the plaintiff means by the case "being in protective status;" none of the documents filed in this case currently are restricted from the public's view.[1] And sealing a document does not restrict the *court's* ability to view the documents. To "seal" a document means to prevent *anyone but the court* from accessing and viewing it. Parties also may ask to "restrict" a document, which means that the court can order that only certain people have access to the document—for example, the court can "restrict" a document to viewing only by the parties and not the public. But the court and its staff always have the ability to view any document filed with the court.

The plaintiff's response includes a section titled "Corporate Wrong Doings Should Never Be Shielded From The Public," which argues the following:

> The courts were created by the people, for the people, and court records should be allowed to be accessed by the people. Our first amendment grants the public rights to access court records. Sealing records in the judicial system can causes [sic] public distrust in our justice system, and lead it to be questioned. The public's right of access to court proceedings is well-established. *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984); *Nixon v. Warner Communications*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).
>
> Sealing records also allows corporate wrong doings; people with money or power to circumvent the judicial system to their own

---

[1] If the plaintiff is referring to the protective order the court issued on May 26, 2022 at Docket Number 63, the court encourages the plaintiff to review its order at Docket Number 62 explaining the purpose and parameters of that protective order. The protective order facilitates the parties' exchange of documents with *each other* during discovery; it allows the parties to designate documents/information shared *with the other party* as "confidential" or "attorneys' eyes only." See Dkt. No. 62 at 3–5. The fact that a party designates a document as "confidential" or "attorneys' eyes only" when sharing it with the opposing party does *not* result in that document being restricted from public view or sealed when it is filed *on the docket*.

> needs, by restricting the public's access to the truth of a litigation case. <u>Only in rare circumstances should court records be allowed to be sealed</u>.

Dkt. No. 110 at 5–6 (emphases in original).

The plaintiff asserts that the defendant's "purpose of sealing the documents is for intimidation purposes only" and to make the judicial "process so burdensome and harassing." Dkt. No. 110 at 3. The plaintiff's response contains a section titled "Why The Defendant Seeks To Seal The Details Of This Case And Silence The Plaintiff." <u>Id.</u> at 6–7. The plaintiff asserts that the defendant's motion to seal "is retaliation by the defendant after receiving the plaintiff's response to its latest attempt to side step the judicial process." <u>Id.</u> at 6. The plaintiff states that he "feels this act of sealing the plaintiff's documents is an attempt to prolong the judicial process and limit all of the plaintiff's demands." <u>Id.</u> The plaintiff continues:

> The plaintiff speculates the defendant must view that since there is a possibility of the plaintiff's motions could be granted, they will just bury everything associated with the client's wrong doings by sealing them from the public.
>
> What the defendant is attempting to do is make every record submitted by the plaintiff as an act of harassment, while requiring the court unwarranted additional time expenditures and resources.
>
> CONCLUSION
>
> This is the defendant's effort to side step the judicial process before the rulings are made from previous record submission's [sic], and due to the response by the plaintiffs [sic] to their last demands. That stunt didn't work, so now they are trying just to seal everything to prevent the plaintiff from discussing any type of discriminatory or harassing acts which was going on or involved [the defendant].

<u>Id.</u> at 7.

The plaintiff asserts that the defendant's "object of the sealing the records is not only covers its client's wrongdoings, but limits the details which tells the whole story." Id. The plaintiff argues that "[t]he public and current employee's [sic] should be aware of what the wrong doings a company does." Id. The plaintiff then provides two scenarios from the points of view of current and future employees who may benefit from such information if left available to the public. See id. at 7–8. And the plaintiff speculates (wildly and improperly) at future harm that might come from granting the motion to seal:

> I'm sorry I have to present this statement to you, but the question needs to be asked.
>
> If these documents are sealed; will [the defendant] use the same techniques they have used to silent [sic] me on other people? If they do; and a girl is raped, or maybe she commits suicide because she was, or is murdered! Whose fault is it? Is it the person who committed the heinous act, or is it the person(s) who created the heinous scenario?

Id. at 8. The plaintiff continues:

> By sealing the plaintiff's motions; it will prevent the plaintiff from presenting its case to its entirety? Or cause much additional work to continue. In addition to limitations for the plaintiff, the defense will have liberties to file whatever they see fit. The most un-fairest part of it is; if sought the public will never have access to or know what atrocities this company has committed. The sealing of these documents are just a judicial political maneuver.
>
> In addition; the defendant's legal team has no recourse but to provide protection of client's acts by sealing every document, and excluding every testimony from witnesses.
>
> A concern the plaintiff has; is this going to affect the timeframe to process submitted records, due to it having to be done by a special clerk? The plaintiff does not have e-file or can get it, and is required to file via a delivery service.

Id. at 8–9.

### III. Analysis

General Local Rule 79(d)(3) requires the party filing a motion to seal or to restrict access to parts of the record to support that motion with "sufficient facts demonstrating good cause for withholding the document or material from the public record." Gen. L.R. 79(d)(3). "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion *must* be denied . . . ." Id. (emphasis added). "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) (citation omitted).

As the defendant acknowledges, the Seventh Circuit places a high burden on parties seeking to seal parts of the judicial record. See also Gen. L.R. 79 Committee Comment ("The standard for showing good cause is quite high . . . ."). "Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." GEA Grp. AG v. Flex-N-Gate Corp., 740 F.3d 411, 419 (7th Cir. 2014). See also Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013) ("The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties."). The

9

longstanding rationale for such transparency and presumption of public access is that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank, 178 F.3d at 945 (citations omitted). See also City of Greenville, Ill. v. Syngenta Crop. Prot., LLC, 764 F.3d 695, 697 (7th Cir. 2014) (explaining that "litigants who enjoy publicly subsidized dispute resolution should expect public oversight") (citing Union Oil Co. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000)). "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." Citizens First Nat'l Bank, 178 F.3d at 945 (citations omitted). See also County Materials, 502 F.3d at 740 (same).

The Seventh Circuit has found that "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002). "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal." Id. (collecting cases). See also United States v. Sanford-Brown, Ltd., 788 F.3d 696, 712 (7th Cir. 2015), *reinstated in part, superseded in part by* United States v. Sanford-Brown, Ltd., 840 F.3d 445 (7th Cir. 2016) (citing Baxter Int'l for the principle that the Seventh Circuit "recognize[s] only three classes of material subject to seal"); GEA Grp. AG, 740 F.3d at 420 (summarizing that the presumption of

documents remaining open to public view "can be overridden by competing interests, as in cases involving trade secrets—arguably in some cases involving settlement agreements—uncontroversially in most cases in which the plaintiff is a child victim of sexual abuse"); In re Specht, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality.").

The defendant argues that the plaintiff's allegations that the defendant engaged in criminal conduct are beyond the claims of employment discrimination raised in his second amended complaint and are not "[d]ocuments that affect the disposition of [the] litigation," In re Specht, 622 F.3d at 701, or that have any "bearing on the merits of [the] suit." Baxter Int'l, 297 F.3d at 546. See Dkt. No. 109 at 3. The Seventh Circuit has acknowledged that "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." Goesel, 738 F.3d at 833 (quoting Baxter Int'l, 297 F.3d at 548). See also Baxter Int'l, 297 F.3d at 545, 547 (explaining the court's reluctance to seal and stating that documents "that influence or underpin the judicial decision are open to public inspection" and when they "are vital to claims made in litigation they must be revealed"); Syngenta Crop Prot., 764 F.3d at 697 (acknowledging that the Seventh Circuit has "limited the presumption of public access to materials that affect judicial decisions"); Matter of Krynicki, 983 F.2d

11

74, 75–76 (7th Cir. 1992) ("Secrecy persists only if the court does not use the information to reach a decision on the merits.").

But the fact that the plaintiff's allegations of criminal conduct do not affect the disposition of his employment discrimination claims—and the court cannot see how they do—does not relieve the defendant of its burden to demonstrate good cause for sealing as to each document for which it requests that relief, and to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter Int'l, 297 F.3d at 548.[2] "Motions that simply assert a conclusion without the required reasoning . . . have no prospect of success." Id. The Seventh Circuit has stated that it "does not look favorably on indiscriminate, reflexive motions to seal the . . . record, but narrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." KM Enters., Inc. v. Global Traffic Techs., Inc., 725 F.3d 718, 734 (7th Cir. 2013). See Baxter Int'l, 297 F.3d at 546–47 (referring to the mere allegation that the documents are commercial

---

[2] District courts in this circuit routinely apply this portion of Baxter Int'l as a requirement for motions to seal. See *In re* C2R Glob. Mfg., Inc., No. 18-30182-beh, 2020 WL 7265867, at *2 (Bankr. E.D. Wis. Dec. 10, 2020); Strasser v. City of Milwaukee, No. 14-CV-1456, 2017 WL 10544079, at *1 (E.D. Wis. Feb. 25, 2017); Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc., No. 11–C–0298, 2014 WL 792086, at *2 (E.D. Wis. Feb. 25, 2014); S.C. Johnson & Son, Inc. v. Nutraceutical Corp., No. 11–C–861, 2013 WL 4479904, at *1 (E.D. Wis. Aug. 20, 2013); Marjala v. Fox News Network, LLC, No. 13–C–631, 2013 WL 4017078, at *2 (E.D. Wis. Aug. 5, 2013). See also Nor v. Alrashid, No. 20 CV 7470, 2023 WL 2771167, at *2 (N.D. Ill. Apr. 4, 2023); *In re* Biglari Holdings, Inc. S'holder Derivative Litig., No. 1:13-cv-00891-SEB-MJD, 2014 WL 12768501, at *1 (S.D. Ind. Apr. 23, 2014).

12

documents as "a bald assertion that confidentiality promotes [the parties'] business interests").

The filings that the defendant requests the court seal include, "but [are] not limited to," Docket Numbers 76, 77, 80, 86, 88, 91, 92, 100, 101, 103, 105–08. Dkt. No. 109 at 4. In the alternative, the defendant "requests that such allegations are redacted from publically [sic] facing documents." Id. The defendant has not identified specific page numbers or portions of these fourteen documents; it asks the court to seal them in their entirety. "The motion to seal filed in accordance with General Local Rule 79(d) should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure . . . ." Gen. L.R. 79 Committee Comment. For example, "the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Id.

The defendant did not provide redacted versions of the filings it seeks to have sealed. The local rules include an instruction that, "[t]o the extent possible, the movant should include . . . a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." Gen. L.R. 79(d)(2).[3] The purpose of this

---

[3] See Tirnanich v. Select Portfolio Servicing, Inc., No. 17-cv-1142-pp, 2018 WL 1247399, at *2 (E.D. Wis. March 9, 2018) ("[T]he parties have complied with that portion of Rule 79(d) that requires the parties to try to limit the scope of the sealed portions; they have filed redacted versions of the complaint, minimizing the material that will be unavailable to the public.").

13

requirement is to make public as much of a document as possible; the redacted version is available to the public and the unredacted version is sealed. Failure to file redacted documents does not comply with the local rule, and it also prevents the court from considering the defendant's alternative request to redact the documents. It is not the court's role to decide which portions of documents should be available to the public. The defendant has not complied with the local rule.

Nor do the documents that the defendant asks the court to seal fall into one of the three categories of information the Seventh Circuit has identified as "entitled to be kept secret": "trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence." Sanford-Brown, 788 F.3d at 712 (citing Baxter Int'l, 297 F.3d at 546).[4] The defendant likens this case to Allen, an unpublished case in which the district court for the District of Columbia granted a motion to seal a filing containing "salacious allegations and deprecating remarks about" the defendant. Dkt. No. 109 at 2–3 (citing Allen, 2021 WL 5911175, at *4–6). The Allen court found there was "no need for public access to the content of the" filing itself, which contained "potentially defamatory and immaterial allegations." Allen, 2021 WL 5911175, at *5. See id. (referring to the representations in the filing as "unquestionably speculative, irrelevant, and 'cruelly derogatory'"). The defendant argues this court should seal the plaintiff's motions for the same

---

[4] See also Nor, 2023 WL 2771167, at *2.

14

reasons—because their "unfounded allegations are of no public interest" and they constitute libel *per se* in Wisconsin. Dkt. No. 109 at 3. Although the facts of Allen are similar, the D.C. court applied the D.C. Circuit's precedent, which is different from Seventh Circuit precedent. See Allen, 2021 WL 5911175, at *5 (applying the six factors it must consider under the law of its circuit to determine "whether the competing interests to seal overcome the presumption of public access"). This court is bound by the decisions of the Seventh Circuit.

Finally, while there is no basis in the rule or Seventh Circuit law for the relief the defendant requests, the court also notes that the defendant did not seek the least restrictive means of shielding potentially libelous allegations from public view. Not only did the defendant fail to provide redacted versions of the documents, but it has asked the court to *seal* the documents—meaning that no one but the court would have access to them—rather than asking the court to *restrict* the documents—in which case, the parties would have access to them, but the public would not.

Because the defendant did not limit the portions of the documents which will be unavailable to the public and did not demonstrate "good cause" under Seventh Circuit precedent to seal the requested documents, the court will deny the defendant's motion to seal Docket Numbers 76, 77, 80, 86, 88, 91, 92, 100, 101, 103, 105–08.

The court also declines to "screen" all of the plaintiff's "filings before publishing them on the public docket to remove libelous statements . . . ." Dkt. No. 109 at 4. The court agrees that speculative allegations accusing the

15

defendant of using minor females to solicit him, improperly using child labor at its facility or engaging in other criminal conduct are *inappropriate* and *irrelevant* to this case.[5] The court's March 27, 2023 order, issued after the defendant filed this motion to seal, again made that abundantly clear. See Dkt. No. 113 at 28 ("As the court has explained to the plaintiff in the past, this is not a criminal case."), 34 ("As the court has repeatedly stated in this and other orders, the plaintiff's allegations involving underage girls and criminal activity are not relevant to the *employment discrimination* allegations in the plaintiff's second amended complaint.") (emphasis in original). While the court is not granting the defendant's request to basically screen and edit all the plaintiff's filings, it is not because the court does not agree that the plaintiff's allegations are specious, inappropriate and irrelevant.

The plaintiff *must not* continue to make allegations regarding things that happened outside of his employment with the defendant. The court warns the plaintiff that if he continues to make allegations about underage girls and criminal activity, despite having been admonished by the court more than once not to do so, the court has the discretion to consider imposing sanctions. Sanctions—either monetary penalties or penalties such as denying motions or even dismissing cases—are extremely serious and the court does not mention them lightly. The plaintiff is correct that he has a right to access the courts and

---

[5] The court addressed this issue at the June 27, 2022 hearing. See Dkt. Nos. 75, 78. Despite the court's admonishments, the plaintiff has continued to make unsupported claims that have nothing to do with whether the defendant discriminated against him in his employment.

he has had that access for almost five years now. But if the plaintiff wishes to use the court system to resolve his employment discrimination dispute with the defendant, he must follow the orders and instructions of this court—just like any other litigant.

## IV. Conclusion

The court **DENIES** the defendant's Civil Local Rule 7(h) Expedited Non-Dispositive Motion to Seal Parts of the Record. Dkt. No. 109.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

17

Case 2:18-cv-01335-PP   Filed 06/11/23   Page 17 of 17   Document 131