UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY RYAN GOVE,

        Plaintiff,

v.                                                  Case No. 18-cv-1335-pp

SARGENTO FOODS, INC.,

        Defendant.

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND (DKT. NO. 116)**

On April 20, 2023, the plaintiff filed a "Motion to Extend Response/Reply Filings to 14 Days."[1] Dkt. No. 116. It appears that the plaintiff is asking the court to enter a blanket order extending any deadlines for filing responses or replies to motions from seven days to fourteen days. Id. On May 11, 2023, the defendant filed a response opposing the plaintiff's request. Dkt. No. 128. The court will deny the plaintiff's motion to the extent it seeks a blanket extension of time for all responses and replies, and to the extent it asks for extensions of time to respond to the first two of the defendant's itemizations. The court will grant the plaintiff's motion to the extent he asks for additional time as to the final itemization.

---

[1] The clerk's office docketed the motion as a "Motion for Extension of Time to Respond." Dkt. No. 116.

1

**I. Parties' Arguments**

    A.    Plaintiff's Motion (Dkt. No. 116)

The plaintiff asks that, "in all fairness, the court mandates an order to extend the timeframe of 7 days for replies to 14 days." Dkt. No. 116 at 2. The plaintiff explains why a seven-day requirement for him to file responses is difficult for him and places him at a disadvantage:

> The plaintiff does not have or can obtain e-filing due to the rules of the Milwaukee branch of the Eastern District of Wisconsin.
>
> Even if the plaintiff gets notice within a day or two, by the time he constructs his response, it's already three days into the timeframe.
>
> Every mailing the plaintiff makes normally takes 2–5 days depending on the mail service. The U.S. postal service cannot guarantee the court would receive it within the 7 days, and others sometimes can deliver it in two days, but it's not guaranteed either.
>
> By the time the plaintiff receives or discovers any type of court filing has taken place, it is virtually impossible for him to reply in the time allocated of 7 days. This leaves the plaintiff at a great disadvantage.

Dkt. No. 116 at 1.

In support of his motion, the plaintiff refers to an April 3, 2023 letter he sent to defense counsel in which the plaintiff requested "the defendant legal team to stipulate that the timeframe in which parties can reply to the opposing materials be extended to 17 days." Dkt. No. 116-1 at 1. In this letter, the plaintiff cited two excerpts from the "proposed scheduling deadlines" of the plaintiff's proposed Rule 26(f) reports. Id. See Dkt. Nos. 56 at 7 (plaintiff's proposed Rule 26(f) report), Dkt. No. 61 at 8 (plaintiff's amended proposed Rule 26(f) report). The plaintiff explained that the location of his residence and his inability as a self-represented litigant to file documents electronically put him

at a disadvantage: "It is impossible for [the plaintiff] to reply to any court filings within the 7 day window according to the guidelines of the Federal Rules of Civic [sic] Procedures due to mail delivery timeframes." Id. The plaintiff also attached the defendant's email response to his letter, in which the defendant stated that it was not willing to agree to a general stipulation or preemptively agree to extensions, but that defense counsel was willing to "reasonably confer" with the plaintiff about an extension in the event the defendant filed additional motions and the plaintiff required additional time to respond and/or reply. See Dkt. No. 116-1 at 2.

    B.    <u>Defendant's Response (Dkt. No. 128)</u>

The defendant opposes the plaintiff's motion, arguing that the plaintiff "does not identify good cause to extend his responses or reply deadlines to 14 days for every motion filed in this case." Dkt. No. 128 at 1. The defendant points out that its April 3, 2023 email replying to the plaintiff's request for a general extension informed the plaintiff that the amount of time he has to respond will depend on the type of motion that is filed. Id. (citing Dkt. No. 116-1 at 2). The defendant indicates that to the extent the plaintiff "needs additional time to respond to any given motion, Defendant is willing to confer with Plaintiff to try to stipulate to an extension." Id. at 1–2. See also Dkt. No. 116-1 at 2 (defendant's April 3 email to plaintiff). But the defendant asserts that a general extension for all deadlines is "inappropriate and inconsistent with local rules," and asks the court to deny the plaintiff's motion. Id. at 2.

3

## II. Analysis

Rule 7(b) of the Federal Rules of Civil Procedure, which governs motions, does not contain deadlines for responding to or replying to motions. Civil Local Rule 7 of the *Eastern District of Wisconsin* states that for all motions other than motions for summary judgment and expedited, non-dispositive motions filed as such under Civil L.R. 7(h), the non-moving party must file its opposition within twenty-one (21) days of service of the motion. Civ. L.R. 7(b). The rule says that for all motions other than motions for summary judgment and expedited, non-dispositive motions filed as such under Civil L.R. 7(h), the moving party may (but is not required to) serve a reply within fourteen (14) days from the date of service of the response memorandum. Civil L.R. 7(c). The time frames are longer for summary judgment motions: thirty (30) days for the non-moving party to respond, Civil L.R. 56(b)(2), and fourteen (14) days for the moving party to reply, Civil L.R. 56(b)(3).

The plaintiff asserts that "it is virtually impossible for him to reply in the time allocated of 7 days." Dkt. No. 116 at 1. See also Dkt. No. 116-1 at 1 ("It is impossible for him to reply to any court filings within the 7 day window according to the guidelines of the Federal Rules of Civic [sic] Procedures . . . ."). The plaintiff refers to "the 7 day window according to the guidelines of" the Federal Rules of Civil Procedure. There is no "7-day guideline" or "7-day window" in the Federal Rules of Civil Procedure; as the court discussed above, the Federal Rules of Civil Procedure contain *no* deadlines for responding or

replying, and this court's local rules provide for twenty-one days to respond and fourteen days to reply.

There is one exception to the court's twenty-one-day response/fourteen-day reply local rule. The local rules carve out a special procedure for "expedited, non-dispositive motion practice." This special procedure is intended for simple discovery disputes that do not require significant factual explanation or legal briefing; the "expedited" process is designed to allow the discovery process to keep moving without having to wait five weeks for a motion to be fully briefed. So, imagine that one party has asked for a year's worth of documents and the opposing party thinks that six months' worth ought to be enough. The parties don't need to cite case law or give a long discussion—the moving party just says, "We need a year's worth for comparison purposes," and the opposing party says, "six months will let them compare and a year would be too burdensome for us given that we are a small company." In that special instance, the moving party can use the process in Civil L.R. 7(h)—it can file a brief motion three pages or less in length. As the court has explained in previous orders, see Dkt. No. 112 at 31–32; Dkt. No. 131 at 1-2, when a party files an "expedited non-dispositive" motion under Civil Local Rule 7(h), the party responding to such a motion must file his "opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court." Civil L.R. 7(h)(2).

If, in speaking of the "7 day window," the plaintiff is referring to the seven-day response deadline for a Rule 7(h) expedited, non-dispositive motion,

5

the plaintiff should first be aware that that deadline does not apply unless the motion is titled a Rule 7(h) expedited, non-dispositive motion. A motion that does not have "Rule 7(h)" and "expedited" and "non-dispositive" in the title is a regular motion governed by Civil Local Rule 7(b); it has a response deadline of twenty-one days and a reply deadline of fourteen days. If the plaintiff receives a motion that is titled a Rule 7(h) expedited, non-dispositive motion and he thinks he can't turn around his response in seven days, the proper course is for the plaintiff to ask the court for an extension of time to reply to that motion.

It is possible that the plaintiff is referring to *the court's* imposition of seven-day deadlines in its March 27, 2023 order. See Dkt. No. 112 at 59–61. In that order, the court (1) denied the plaintiff's motion to compel, (2) granted the defendant's motion to compel discovery responses and (3) granted the defendant's motion to compel the plaintiff's deposition. Id. at 59–60. Under Rule 37 (the rule governing motions to compel), the court set various deadlines by which the defendant was required to file statements of proposed fees and costs and for the plaintiff to respond. See Dkt. No. 112 at 28–29 (citing Fed. R. Civ. P. 37(a)(5)(B)); id. at 46 (citing Fed. R. Civ. P. 37(a)(5)(A)); id. at 55 (citing Fed. R. Civ. P. 37(d)(3)). The court imposed a seven-day deadline by which it required the plaintiff to file his responses/objections to each of the defendants' itemizations. See Dkt. No. 112 at 59–60 (setting April 14, 2023 deadline for defendant's statement and ordering plaintiff to file objection by April 21); id. at 60 (setting April 28 deadline for defendant and ordering plaintiff to file objection by May 5); id. at 61 (setting June 9 deadline for defendant and

6

ordering plaintiff to file objection by June 16). To the extent the plaintiff is asking the court to extend these deadlines to file his objections to the defendant's statements of expenses, the court will partially deny that request as moot. The first two deadlines have passed and the plaintiff successfully filed his responses within the court-imposed seven-day deadlines. See Dkt. Nos. 115 (filing response within six days), 124 (filing response within five days). In an abundance of caution, the court will extend the plaintiff's deadline to respond to the defendant's third itemization of fees and costs to fourteen days. See Dkt. No. 112 at 61 (initially setting deadline of June 16). The court will partially grant the motion, to the extent that it will give the plaintiff a deadline of June 23, 2023 by which to file any opposition to that itemization.

That said, those seven-day deadlines were imposed by the *court*, not the national or local rules, and the court imposed them only as to those particular itemizations of costs and fees. The court did not impose a seven-day response deadline for *all* motions filed in this case. The court's local rules apply any time the court itself has not set a special schedule.

Given that, the court will not order any general or blanket extension for responses to motions or replies in support of motions. If any party needs additional time to respond to a motion, or to file a reply in support of a motion, that party first should promptly, politely and civilly confer with the other side and attempt to reach agreement. If the other side will not agree, the party seeking the extension must file a motion with the court, *before* the deadline specified in the local rules has expired, telling the court how much additional

7

time is needed. See Dkt. No. 113 at 13. As the court has explained to the plaintiff, if he requires an extension, he must promptly and *politely* confer with the defendant or file his motion far enough in advance so that the defendant has time to respond before the deadline expires. Id.

### III. Conclusion

The court **DENIES** the plaintiff's Motion for Extension of Time to Respond to the extent that it seeks a blanket extension of all response/reply deadlines. Dkt. No. 116.

The court **DENIES** the plaintiff's motion to the extent that it asks for additional time to respond to the defendant's first two itemizations of fees and costs. Dkt. No. 116.

The court **GRANTS** the plaintiff's motion to the extent it seeks an extension of time to respond to the third itemization of fees and costs. Dkt. No. 116. The court **EXTENDS** the plaintiff's deadline for filing objections to the defendant's third itemization of fees and costs to **June 23, 2023**.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**